IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

Versus

Criminal Action Number

BENJAMIN JENKINS

1:18-CR-181-WSD-CMS

## **Corrected Preliminary Motion to Suppress Evidence**

COMES NOW Benjamin Jenkins, by and through his undersigned counsel, and hereby moves to suppress the evidence obtained during the execution of a search warrants at his house, 5175 Silhouette Lane, Mableton, Georgia 30126, on February 13, 2017, including items that were seized and subsequently searched.

At this time, the motion is preliminary, because counsel is still reviewing the discovery and has asked the government to supplement discovery because Counsel believes that discovery is incomplete. For example, counsel is aware that the government seized electronic devices, including computers and phones, from Mr. Jenkins' house in February 2017, and reports indicate that the computers were searched. However, counsel has not received the reports revealing the contents of the search. In addition, counsel is aware that the government issued summons for

1

information from Sprint, Comcast, and Kik.  However, the government has not provided the information that was returned from those summons. Also, counsel is aware that the government received a search warrant for an iCloud account, but the government has not provided the return from Apple.  Counsel requested this additional information from the government on June 20, 2018, via email.  As of this filing, counsel has not received the requested information.

## ARGUMENT

The Fourth Amendment to the United States Constitution provides:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

United States Constitution, Amendment IV (adopted 1792).  In order for a search warrant to properly issue for Mr. Jenkins's residence, the search warrant affidavit would have to demonstrate that there was probable cause for the issuance of the warrant.  The information also must demonstrate a timely nexus between the location to be searched and the alleged contraband.

At this time, Mr. Jenkins seeks additional time for the government to provide this additional information to Mr. Jenkins' counsel and to complete his review of the discovery.  Only afterwards can counsel particularize our motion to the facts of Mr. Jenkins's case.  In addition, Counsel would like additional time to review the Supreme Court's most recent case on the Fourth Amendment to determine how it may relate to Mr. Jenkins' case. *Carpenter v. United States*, 2018 WL 3073916 (June 22, 2018).

The right of a man to retreat into his own home and there be free from unreasonable government intrusion stands, "… at the very core of the Fourth Amendment." *Kyllo v. United States*, 533 U.S. 27 (2001). Evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of an illegal search or seizure. *Mapp v. Ohio*, 367 U.S. 643 (1961).  This includes the fruit of such illegal conduct. *Wong Sun v. United States*, 371 U.S. 471 (1963).  In *United States v. Barscaro*, 742 F.2d 1335 (11th Cir. 1984), the Eleventh Circuit noted that "it remains a fundamental principal of search and seizure law that information furnished in an application for a search warrant must be timely, and that probable cause must be found to exist

'at the time the warrant issues.'" *Bascaro* at 1345.

Probable cause exists when law enforcement officers gather particular facts that support a reasonable belief that a suspect has committed a crime. *Beck v. Ohio*, 379 U.S. 89 (1964). Further, "there must be a substantial basis to conclude that the instrumentalities of the crime will be discovered on the searched premises," *United States v. Lockett*, 674 F.2d 843 (11th Cir. 1982).

## CONCLUSION

WHEREFORE, counsel requests the opportunity to perfect the motions so that the Court can decide the issues.

Dated: This 27th day of June, 2018.

Respectfully submitted,

*J. Wesley Bryant*
J. Wesley Bryant
Georgia Bar Number 091621
Attorney for Mr. Jenkins

Federal Defender Program, Inc.
1500 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
404-688-7530
Wes_Bryant@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Corrected Preliminary Motion to Suppress Evidence has been formatted in Century Schoolbook 14 pt., in accordance with Local Rule 5.1B, and was filed this day with the Clerk of Court electronically using the CM/ECF system which will automatically sent email notification of such filing to counsel of record:

>Paul Jones, Esq.
>Skye Davis, Esq.
>Assistant United States Attorney's
>600 Richard B. Russell Building
>75 Ted Turner Dr., S.W.
>Atlanta, Georgia 30303.

Dated:  This 27th day of June, 2018.

*J. Wesley Bryant*
J. Wesley Bryant