IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | |
| | : | 1:18-CR-00181-MLB-CMS |
| BENJAMIN JENKINS | : | |

**MOTION TO WITHDRAW AS COUNSEL AND
FOR APPOINTMENT OF SUBSTITUTE COUNSEL**

COMES NOW undersigned counsel and, at the specific direction of Mr. Jenkins, hereby files this Motion, asking the Honorable Court to allow Counsel to withdraw as counsel and to appoint substitute counsel to represent Mr. Jenkins. In support thereof, counsel for Mr. Jenkins shows the following:

1.

Mr. Jenkins is dissatisfied with counsel and would like the Court to hold an *ex parte* hearing wherein Defendant can freely speak and inform the Court of his basis therefore. Mr. Jenkins requests that substitute counsel be appointed to represent him as he is indigent.

2.

Mr. Jenkins believes that communications have broken down, and avers that he has lost trust in counsel, and that he would greatly benefit from the appointment of

substitute counsel. Mr. Jenkins would be glad to answer any of the Court's questions regarding this issue at an *ex parte* hearing. Mr. Jenkins believes that the lack of trust undermines his ability to work with counsel and assist counsel in his defense.

3.

Indigent criminal defendants ordinarily "must either accept the counsel appointed to represent them or represent themselves." *United States v. Garey*, 540 F.3d 1253, 1263–64 (11th Cir.2008) (*en banc*). However, upon a showing of good cause, an indigent defendant may receive substitute appointed counsel. *Id.* at 1263. "Good cause in this context means a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (quotation marks omitted), *see also, United States v. Calderon,* 127 F.3d 1314, 1343 (11th Cir.1997) (relevant question is "whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense.")

4.

Therefore, counsel moves to withdraw and Defendant requests that substitute counsel be appointed to represent him.

## CONCLUSION

Thus, on behalf of Mr. Jenkins, counsel asks this Honorable Court to allow counsel to withdraw as counsel because Mr. Jenkins perceives a breakdown in communication, and requests that the Court appoint substitute counsel to represent Mr. Jenkins in further proceedings.

                    Respectfully submitted,

                    */s/ J. Wesley Bryant, Esq.*
                    J. Wesley Bryant
                    Georgia Bar No. 091621
                    Attorneys for Benjamin Jenkins

Federal Defender Program, Inc.
Suite 1500; Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
(404) 688-7530
wes_bryant@fd.org

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing motion is formatted in Times New Roman, 14 point font, and that on this day, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: This 24th day of April, 2019.

>  */s/ J. Wesley Bryant, Esq.*
>  J. Wesley Bryant
>  Georgia Bar No. 091621
>  Attorney for Benjamin Jenkins

Federal Defender Program, Inc.
Suite 1500; Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
(404) 688-7530