IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

BENJAMIN JENKINS

Criminal Action No.

1:18-CR-181-MLB-CMS

**Government's Motion in Limine**

The United States of America, by Byung J. Pak, United States Attorney, and Paul R. Jones and L. Skye Davis, Assistant United States Attorneys for the Northern District of Georgia, files this Motion in Limine in advance of the trial scheduled to begin on September 30, 2019.

**A. Background**

On May 23, 2018, the grand jury charged the Defendant, Benjamin Jenkins, with thirteen counts of producing child pornography, in violation of 18 U.S.C. § 2251(a), and five counts of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Doc. 1.) The Government intends to introduce evidence to show that the Defendant contacted numerous minor females—likely well in excess of 100—on the Internet and coerced them into producing child pornography for him. The Defendant threatened to post the images online if the minor females attempted to stop supplying him with images. If a minor female blocked communications with the Defendant, he often contacted family members and shared the child pornography with them so that the family member would

instruct the minor to reinitiate contact with him. In some instances, the Defendant posted a minor victim's photos and contact information on various websites, including Pornhub, Craigslist and Twitter. Many of the female victims were positively identified, and, of those who were positively identified, eleven have agreed to cooperate with the Government in its prosecution of this case.

The Government files the instant Motion to preclude the Defendant from presenting evidence of a mental defect or condition and to preclude questioning any victims about their sexual history. The Government further moves this Court to allow it to present evidence of other bad acts of the Defendant, to close the courtroom during the presentation of files of child pornography, and to allow the case agent to be recalled at the close of its case-in-chief for the limited purpose of displaying the files of child pornography to the jury.

### B.  Motion to Prevent the Assertion of Mental Defect or Mental Condition

The Government is aware that the Defendant used multiple aliases to contact the minor victims. In his statement to law enforcement officers at the time that a search warrant was executed, he alleged to have multiple personalities. The Government objects to any defense based on a mental condition or mental defect. First, the Government has not been provided notice under Fed. R. Crim. Pro. 12.2(b). This rule provides that:

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the

government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

As of the date of the filing of this Motion, the Government has not received any notice from the Defendant that he intends to introduce any expert evidence relating to a mental disease, defect or other condition that would negate his guilt in this case. Although a defendant has the right to present a complete defense, *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), "[a] defendant's right to present relevant evidence is not unlimited" and is instead "subject to reasonable restrictions," and it "may thus bow to accommodate other legitimate interests in the criminal trial process." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (internal quotation marks and citations omitted). "The principle that undergirds the defendant's right to present exculpatory evidence is also the source of essential limitations on the right," because our adversarial system of justice "could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case." *Taylor v. Illinois*, 484 U.S. 400, 410-11 (1988). The Court has the authority under Rule 12.2(d)(1) to exclude expert evidence on a defendant's mental condition when the defendant has not provided notice to the Government. *See United States v. Bailey*, 112 F.3d 758, 768 (4th Cir. 1997) (district court did not abuse discretion in denying defendant's when defendant did not provide notice of intent to rely on expert testimony related to mental condition).

Because to date the Defendant has not provided any notice of his intent to present evidence of a mental disease, defect or condition, should the Defendant provide such notice, the Court should deny this last-minute request to present evidence on his mental condition.

Furthermore, even if the Defendant had provided such notice, evidence of a mental condition would not be admissible at trial. The reason for this conclusion is that the Defendant has been charged with a general intent crime, not a specific intent crime. *See United States v. Walden*, 478 F. App'x 571, 576 n.2 (11th Cir. 2012) (the child pornography statute's omission of willfulness as an element means that the statute does not require specific intent); *United States v. Stitz*, 877 F.3d 533, 537 (4th Cir. 2017) (the statute criminalizing the distribution of child pornography "does not require a defendant to possess 'a bad motive or evil intent'") (quoting *United States v. Matthews*, 209 F.3d 338, 352 (4th Cir. 2000)). *United States v. Kimes*, 246 F.3d 800, 806 (6th Cir. 2001) (evidence of mental condition not admissible when statute does not require specific intent). *But see United States v. Guy*, 708 F. App'x 249, 255-56 (6th Cir. 2017) (finding that attempting to produce child pornography requires specific intent). The Government maintains that neither the production or distribution counts as charged require a specific intent to violate. As such, the Defendant should be precluded from presenting evidence of a mental defect or condition for the jury to consider in deciding his guilt.

4

### C.  Motion to Prevent Inquiry into Any Minor's Victim Sexual History

The Defendant's contacts with the minors sometimes involved discussions about their sexual interests and orientation. Sometimes victims made disclosures because the Defendant was assuming the identity of another person (including some of his prior victims). When a victim discontinued communications with the Defendant, he would make unfounded accusations about a victim's sexual history to the victim's family.

The Government moves to prevent the Defendant from questioning any victim about her sexual history. Federal Rule of Evidence 412 provides that evidence "offered to prove that any alleged victim engaged in other sexual behavior" or "offered to prove any alleged victim's sexual predisposition" is inadmissible at trial unless it fits into one of three categories of exceptions. Fed. R. Evid. 412(a)(1), (a)(2). The Advisory Committee makes clear that the word "behavior" should be construed broadly, including "all activities that involve actual physical conduct" as well as "activities of the mind, such as fantasies and dreams." Fed. R. Evid. 412, advisory committee's note.

None of the Rule 412 exceptions are applicable here. The categories of exceptions are: (1) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence; (2) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and, (3) evidence the exclusion of which would violate the constitutional rights

of the defendant. Fed. R. Evid. 412(b)(1). There is no accusation in this case the Defendant was the source of any semen, injury, or other physical evidence of a sex act. Additionally, because consent is not a defense to the charged offenses, the second exception is inapplicable in this case. Finally, the prosecution will not introduce evidence of sexual misconduct by any victim, nor would the exclusion of evidence of a victim's sexual behavior violate the Defendant's constitutional rights. For these reasons, evidence, testimony, questions, and argument regarding such allegations should be excluded.

### D. Motion to Present 404(b) Testimony

The charged offenses in this case occurred between March 2015 and July 2016. The Defendant was indicted on May 23, 2018. Shortly before the Defendant was indicted, the Government learned that the Defendant had recently been contacting minor females encouraging them to produce child pornography. The method that the Defendant used were similar to the evidence that the Government expects to present at trial:  the Defendant used aliases to contact the victims and threatened them in order to coerce production of child pornography. Fortunately, none of the victims provided any images that would qualify as child pornography under the federal statute.[1]

The Government may seek to introduce evidence that the Defendant persisted in his behavior after the charged offenses in the indictment pursuant to Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) of the Federal Rules of

---

[1] The information related to this conduct was turned over to the Defendant in discovery.

Evidence precludes the admission of prior bad act evidence offered only to show criminal propensity. However, so long as the evidence is offered for a proper purpose, such as to prove intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident, the court has discretion in deciding whether to admit the evidence, and the test for admissibility is one of relevance. In determining whether the Rule 404(b) evidence is admissible, a court looks to whether (1) the evidence is relevant to an issue other than the defendant's character; (2) the proof is sufficient such that the factfinder could find that the defendant committed the extrinsic act; and (3) the evidence possesses probative value that is not substantially outweighed by undue prejudice. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003); *see also United States v. Perez*, 443 F.3d 772, 779 (11th Cir. 2006).

Here, the evidence is admissible because it goes to the issue of intent. Whenever a defendant pleads not guilty, he places his intent at issue unless he stipulates otherwise. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). The evidence that the Defendant continued to contact other minor girls, after the dates in the indictment, with the purpose of coercing them to produce child pornography of themselves, reflects on his intent to commit the charged offense. Moreover, the pattern that he established—through the use of aliases and threats—further supports that he is guilty of the charged offense. For these reasons, the Government requests that it be allowed to present evidence of other bad acts of the Defendant.

### E.  Motion to Close the Courtroom When Child Pornography Is Shown to the Jury

The Government will be required to show images of child pornography to the jury. The jury, following the instructions to be given by the Court, including the federal definition of child pornography, will be required to determine if the images match the federal definition. Accordingly, the Government requests that the Court close the courtroom during the very limited period when the Government displays the photographs and videos.

Closing the courtroom for this brief period complies with the Child Victim Rights Act found at 18 U.S.C. § 3509. This statute provides as follows:

> (3) **Protective orders.**  (A) On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

18 U.S.C. § 3509(d)(3). The protection that the Government seeks is to protect the dignity of each victim by closing the courtroom during the display of child pornography.

### F.  Motion to Divide the Case Agent's Testimony

The Government plans to call the case agent to testify at or near the beginning of the Government's case-in-chief. Homeland Security Investigations Special Agent Eric Greene will be able to explain to the jury the scope of the investigation and the methods used to identify the Defendant as the person who coerced minors to produce child pornography and who distributed child

pornography. The Government anticipates that he will testify about evidence seized during the execution of a federal search warrant as well as admissions that the Defendant made during a non-custodial interview. This overview of the case will assist the jury in understanding the evidence that follows.

While all the victims will have identified prior to trial those files of child pornography that they produced at the Defendant's direction, the Government will seek to show the images to the jury at the conclusion of the Government's case-in-chief. The Government would prefer to do this through Agent Greene's testimony. Showing the images after the victims testify will assist the trier of fact more than if the images were displayed near the beginning of trial. While the Government prefers not to divide a witness's testimony, doing so in this case, for a very limited purpose, will assist the trier of fact. For this reason, the Government requests that it be allowed to recall Agent Greene to testify at the

///

///

end of its case-in-chief to for the limited purpose of displaying the child pornography files.

Respectfully submitted,

BYUNG J. PAK
    *United States Attorney*

/s/PAUL R. JONES
    *Assistant United States Attorney*
    Georgia Bar No. 402617
    Paul.Jones@usdoj.gov

/s/L. SKYE DAVIS
    *Assistant United States Attorney*
    Georgia Bar No. 564709
    Skye.Davis@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Sarah Timmers, Esq.

August 20, 2019

/s/ Paul R. Jones

Paul R. Jones

*Assistant United States Attorney*