UNITED STATES OF AMERICA
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| -vs- : | CRIMINAL ACTION NUMBER |
| : | 1:18-CR-181-MLB-CMS |
| BENJAMIN JENKINS : | |

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS *IN LIMINE*

The Defendant, Benjamin Jenkins, by and through the undersigned, and hereby files this response to the government's five separate motions *in limine*.

I. Response to Motion to Prevent the Assertion of Mental Defect or Mental Condition

The Defendant reminds the U.S. Government that current Counsel was appointed May 14, 2019. (Doc. 56). Twenty days later on June 3, 2019, this Court ordered setting trial for September 30, 2019. (Doc. 58). The U.S. Government is aware that Defendant's Counsel has sought the services of a forensic psychologist to evaluate the Defendant. At the time of this filing, the Defendant does not know whether the forensic psychologist will conclude that Mr. Jenkins suffers from a mental disease or defect which would negate his guilt or whether the forensic psychologist will conclude that Mr. Jenkins suffers from a mental disease or defect which would negate his punishment. If it is the former, Fed. R. Crim. P. 12.2(b) applies and Mr. Jenkins would have to seek permission from the Court to file the notice late. If it is

1

the later, Fed. R. Crim. P. 12.2(b) does not apply and Mr. Jenkins is not obligated to provide notice.

 II. <u>Response to Motion to Prevent Inquiry into Any Minor's Victim Sexual History</u>

"Sexting[1]" is a widespread phenomenon among teenagers and young adults today.[2] The Defendant and the complaining witnesses' interactions all occurred in cyberspace where the parties engaged in sexting. There are sociological studies which have found that among young adults and teenagers, sexting is becoming an aspect of flirting; girls are more likely to be the senders of sexts and boys are more likely to be the receivers of sexts.[3]

The right to confront one's accusers is a basic tenant of our system of criminal justice. Mr. Jenkins accusers are claiming to have been coerced into sending him sexts. Mr. Jenkins should be allowed to confront and cross-examine these accusers regarding their sexting habits, context, frequency and motivations. To exclude the Defendant from questioning the complaining witnesses on their sexting habits would

---

[1] "Sexting" is "the sending of sexually explicit digital images, videos, text messages or emails, usually by cell phone." Dictionary.com, "sexting"

[2] Kathy Martinez-Prather & Donna M. Vandiver, *Sexting among Teenagers in the United States: A Retrospective Analysis of Identifying Motivating Factors, Potential Targets, and the Role of the Capable Guardian*, International Journal of Cyber Criminology, Vol.8, Issue 1 (2014).
Amanda Lenhart, *Teens and Sexting: How and why minor teens are sending sexually suggestive nude or nearly nude images via text messaging*, Pew Internet & American Life Project (Dec. 2009).

[3] *E.g.* Deborah Gordon-Messer, Jose Arturo Bauermeister, Alison Grodinski, Marc Zimmerman, *Sexting Among Young Adults*, Journal of Adolescent Health, Vol. 52, Issue 3, Pp. 301-306 (March 2013).

violate Mr. Jenkins Sixth Amendment constitutional right to confront his accusers. Fed. R. Evid. (b)(1)(C).

    III.    <u>Response to Present 404(b) Testimony</u>

The Government would like to introduce evidence that Mr. Jenkins was sexting with other young women or teenage girls, in order to show the intent of coercion. The government admits that these particular sexting images which they would like to introduce under 404(b) testimony does not meet the definition of child pornography under the federal statute.  The fact that these sexts, received by Mr. Jenkins in cyberspace, were not risqué enough to be considered child pornography, is not evidence of a bad act.  The Defendant asks the Court to not allow the U.S. Government to present evidence of sexting as a "bad act" because it would be substantially and unfairly prejudicial to Mr. Jenkins.  It could easily mislead the jury into believing that any sexting Mr. Jenkins may or may not have engaged in, was the result of coercion.

    IV.    <u>Response to Motion to Close the Courtroom when Child Pornography is Shown to the Jury</u>

Mr. Jenkins does not oppose the government's motion to close the courtroom when the complaining witnesses' sexting images are shown to the jury.

V.    <u>Response to Motion to Divide the Case Agent's Testimony</u>

The mode and order of examining witnesses and presenting evidence is within this Court's control. Mr. Jenkins does not have a say in the matter. Fed. R. Evid. 611.

Respectfully submitted this 26th day of August, 2019.

*s/ Sarah M. Timmers*
Sarah M. Timmers, Esquire
Georgia Bar No. 122723
Counsel for Mr. Jenkins

279 Washington Avenue
Marietta, GA 30060-1980
(470) 755-1049 telephone
(770) 675-7283 facsimile
sarah@sarahmtimmers.com

UNITED STATES OF AMERICA
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | CRIMINAL ACTION NUMBER |
| | : | 1:18-CR-181-MLB-CMS |
| BENJAMIN JENKINS | : | |

CERTIFICATE OF SERVICE

I hereby certify that I have on this date electronically filed Defendant's Response to Government's Motions *in limine* using the CM/ECF system, which will automatically send email notification of such filing to all parties of record in this case.

This 26th day of August, 2019.

*s/ Sarah M. Timmers*
Sarah M. Timmers, Esquire
Georgia Bar No. 122723
Counsel for Mr. Jenkins

279 Washington Avenue
Marietta, GA 30060-1980
(470) 755-1049 telephone
(770) 675-7283 facsimile
sarah@sarahmtimmers.com