IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| | ) | |
| V. | ) | 1:18-CR-181-MLB-CMS |
| | ) | |
| | ) | |
| BENJAMIN JENKINS | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH TWELVE OF THE SUPERSEDING INDICTMENT, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

COMES NOW, Defendant BENJAMIN JENKINS, by and through undersigned counsel and hereby moves this Court to dismiss Counts One through Twelve of the Superseding Indictment, or in the alternative, for a bill of particulars. In support of this motion, Mr. Jenkins offers the following:

1.

**The Superseding Indictment fails to meet the constitutional standards as it contains no facts to adequately place the Defendant on notice to defend himself and is not sufficient to allow him to plead double jeopardy in a subsequent prosecution.**

To pass constitutional muster, an indictment must (1) present the essential elements of the charged offense; (2) notify the accused of the charges to be defended against; and (3) enable the accused to rely upon a

judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1047 (1962); *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). The third prong requires that "the record show[] with accuracy to what extent" the defendant may plead a former acquittal or conviction in case other proceedings are taken against him for a similar offense. *Russell*, 369 U.S. at 764. "An indictment that requires speculation on a fundamental part of the charge is insufficient." *Bobo*, 344 F.3d at 1084 (vacating convictions where the indictment failed to specify the scheme or artifices to defraud with which the government was charging the defendant). An indictment's sufficiency is determined from its face. *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007).

While an indictment may use the statutory language to generally describe the offense, that language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offen[s]e, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 2908 (1974). As long ago as 1875, the Supreme Court held that where the general statutory language is used, the indictment "must descend to particulars."

*United States v. Cruikshank*, 92 U.S. 542, 558 (1875) (explaining that, for example, it was a crime to steal goods and chattels, "but an indictment would be bad that did not specify with some degree of certainty the articles stolen").

Courts have insisted on a sufficiently detailed indictment in order to address several different concerns. First, the requirements ensure compliance with the constitutional requirement that charges be presented to a grand jury. *United States v. Italiano*, 837 F.2d 1480, 1486 (11th Cir. 1988) ("Of even greater relevance here is that it would hinder our task in reviewing a conviction as well as serve as an affront to our criminal justice system to permit an accused to be subject to jeopardy based on facts which were not presented to nor found by the grand jury."). Preventing a defendant from being convicted of a crime not presented to a grand jury is critical to ensure compliance with both the Fifth and Sixth Amendments. *See Russell*, 369 U.S. at 760-61; U.S. Const., amends. V, VI.

Relatedly, ensuring that the indictment is sufficiently detailed prevents either the court or the government from effectively amending the indictment. An indictment cannot be amended except through resubmission to the grand jury, unless the change is merely a matter of form. *Russell*, 369

U.S. at 766, 769-770 (describing the free reign that would be given to the government by allowing the government to change the facts at issue in each count). Allowing the government or the court to effectively amend the indictment would dispense with the requirement, discussed above, that all charges be presented to the grand jury. *Russell*, 369 U.S. at 770; *Italiano*, 837 F.2d at 1486 (allowing otherwise would mean "the great importance which the common law attaches to an indictment by grand jury would be frittered away until its value was almost destroyed" (quotation and alterations omitted)); *see also United States v. Lang*, 732 F.3d 1246, 1250 (11th Cir. 2013) ("The only way to remedy the defects in the indictment would be to rewrite it, and that we may not do.").

Finally, these requirements ensure that a defendant is convicted by a unanimous verdict. *See, e.g., Bobo*, 344 F.3d at 1085. A federal defendant has the right to a unanimous verdict. Fed.R.Crim.P. 31(a). When the indictment is unclear as to the facts that constitute the charged offense, the jury may convict the defendant without being unanimous on those facts. For example, in *Bobo*, the Eleventh Circuit concluded that "we cannot merely assume that the jury unanimously agreed on which overt acts," when there were different overt acts charged in the indictment. *Bobo*, 344 F.3d at 1085 ("Due

4

to the inadequacies in the indictment, we cannot discern what scheme the jury found Dr. Bobo committed."). Similarly, in *United States v. Adkinson*, 135 F.3d 1363, 1377-78 (11th Cir. 1998), the Eleventh Circuit vacated the defendant's convictions because the jury heard evidence of extraneous acts as the indictment contained allegations that were not crimes. *Russell* involved charges of violating 2 U.S.C. § 192, which makes it a misdemeanor for any person summoned to testify before a committee of Congress to refuse to answer "any question pertinent to the question under inquiry." The indictment charged that the answers that were refused "were pertinent to the question then under inquiry" by the subcommittee, but the indictment failed to identify the subject under subcommittee inquiry when the witness was interrogated. *Russell*, 369 U.S. at 752. *Russell* held that the core of the criminality under § 192 was that the answers sought were pertinent to the subject under inquiry. *Id.* at 764. Therefore, the failure to specify the question then under inquiry was fatal to the indictments because they did not sufficiently apprise the defendants of what they needed to defend against at trial. *Id.*

In *United States v. McGarity*, 669 F.3d 1218, 1240 (11th Cir. 2012), the Eleventh Circuit vacated the defendants' conviction on one count (Count 40)

because the only notice provided was "that the defendants obstructed an unknown official proceeding at some time in some place by some action." Accordingly, the court determined that "the Superseding Indictment provides insufficient constitutional notice, both as to what charges must be defended against and as to the possibility of future prosecutions on the same basis. Without some indication of either, the Superseding Indictment cannot be said to notify the accused of the charges to be defended against." *McGarity*, 669 F.3d at 1240 (alterations omitted).

In the instant case, the superseding indictment ("indictment") is plainly deficient as to all counts. Mr. Jenkins is charged with production and attempted production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Counts 1, 2, 4, 5, 7, 8, 9, 10, 12), and distribution of child pornography, in violation of §§ 2252(a)(2) and (b)(1) (Counts 3, 6, 11).

The production counts contain different date ranges but each allege that Mr. Jenkins:

> did knowingly attempt to, and did knowingly, employ, use, persuade, induce, entice, and coerce a minor female, [victim], to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing or having reason to know that said visual depiction of such conduct would be transported and transmitted using any means and facility of interstate commerce, including by computer and cellular telephone, and said depiction was transported and transmitted

using any means and facility of interstate commerce, including by computer and cellular telephone, in violation of [18 U.S.C. §§ 2251(a) and] 2251(e).

The distribution counts also contain different date ranges, but each allege that Mr. Jenkins:

> Did knowingly distribute at least one visual depiction of a minor female, [victim], engaging in sexually explicit conduct, as defined in [18 U.S.C. §] 2256(2), using any means and facility of interstate and foreign commerce, said depictions having been (a) produced using minors engaging in sexually explicit conduct, and (b) shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer and cellular telephone, all in violation of [18 U.S.C. §§] 2252(a)(2) and (b)(1).

The superseding indictment is fatally flawed for several reasons. First and foremost, the indictment contains **no** description of the specific visual depiction that is at issue in each count, and no way to determine which visual depiction is at issue based on the other information provided. It is impossible for Mr. Jenkins to determine which visual depiction is at issue in each count given that the discovery contains hundreds of images that may not may not meet the definition of "sexually explicit." (*See* doc. 63 "Government's Motion in Limine" ("The Government intends to introduce evidence to show that the Defendant contacted numerous minor females—

likely well in excess of 100—on the Internet and coerced them into producing child pornography for him.)

The only information in the indictment outside of the statutory language is the initials of the alleged victim and a range of dates, most of which encompass an eleven-month time-span. The information in each count that is not the statutory language or information identifying the defendant is as follows:

| COUNT | VICTIM | TIME-FRAME |
|---|---|---|
| One | K.D. | In or about December 2015 to in or about May 2016 |
| Two | A.C. | In or about September 2015 to in or about August 2016 |
| Three | A.C. | On or about March 7, 2016 |
| Four | D.R. | In or about May 2016 to in or about June 2016 |
| Five | M.M. | In or about June 2016 to July 2016 |
| Six | M.M. | On or about July 5, 2016 |
| Seven | M.D.V. | In or about March 2015 to December 2015 |
| Eight | V.F. | In or about July 2016 |
| Nine | K.N. | In or about August 2015 |
| Ten | C.T. | In or about January 2016 to in or about February 2016 |
| Eleven | C.T. | On or about February 3, 2016 |
| Twelve | S.H. | In or about February 2016 to in or about March 2016 |

Given the number of images disclosed in discovery (any of which may or may not be "sexually explicit"), it is impossible for Mr. Jenkins to

8

determine which image is at issue in each count based only on the name of the alleged victim and a date range that, in most counts, spans several months to nearly a year. *C.f. United States v. Bailey*, 778 F.3d 1198, 1200-01 (11th Cir. 2015) (finding that the defendant could not establish *plain error* in the indictment where, "well before trial, he knew precisely *which of the four* video images were charged in each count." (emphasis added)).

Because there is no way to determine which images of the hundreds produced in discovery are at issue, the indictment fails to notify Mr. Jenkins of the charges that he must defend against because it did not specify which materials the government was alleging to be "sexually explicit." *See United States v. Hillie*, 227 F.Supp.3d 57, 75 (D. D.C. 2017) ("the indictment's mere accusation that Hillie did, or attempted to do, something that, in the government's view, satisfies the statutory elements of possession of child pornography does not suffice to provide adequate notice of the particular conduct upon which the indictment's charges are based.").

Nor does the indictment inform Mr. Jenkins of what conduct the government is alleging that he engaged in to produce the child pornography. Did he "employ," "use," "persuade," "induce," "entice," or "coerce" the alleged victims? Because the indictment does not specify, Mr. Jenkins cannot

prepare a defense. To be clear, the government has indicated in pre-trial pleadings that it intends to argue that Mr. Jenkins coerced the victims in each count, as this Court has recognized. (*See* doc. 89). Mr. Jenkins has relied on these positions in preparing a defense and submits that the government should not be able to change its position at this late stage without constructively amending the indictment or creating a material variance. Nevertheless, to the extent that the government seeks to present evidence of other theories (employ, use, persuade, induce, or entice), then the indictment is fatally defective for not specifying the conduct and element at issue.

Furthermore, because the indictment charges Mr. Jenkins with attempted production, it is unclear whether any of those counts relate to actual images produced in discovery at all. The counts contain no description of the conduct that the government considers to be an attempt to commit the offense and no allegations that would alert Mr. Jenkins to what he is supposed to be defending himself against. *See Id.* at 76 ("when the government sought to charge Hillie with various violations of the broadly-worded federal statutes that criminalize production and possession of child pornography, the government's accusations needed to be accompanied by *further* details about Hillie's actual conduct —i.e. an explanation of *how* he

allegedly violated those statutes—in order to satisfy constitutional and pleading standards." (emphasis in original)).

The lack of particularity in the indictment also raises double jeopardy concerns because, whether he is convicted or acquitted, Mr. Jenkins potentially could be charged with the same crimes, precisely because the indictment does not specify which images were at issue in each count, and most counts include a wide-range of possible dates on which the images were produced. Therefore, the indictment is not sufficient to allow Mr. Jenkins the security of his defense against future charges under the Double Jeopardy provision.

Furthermore, the insufficiencies in the indictment outlined above raise the possibility that the government could effectively amend the indictment during trial by asserting different theories of production or pointing to different visual depictions. *Russell*, 369 U.S. at 766, 769-770 (describing the free reign that would be given to the government by allowing the government to change the facts at issue in each count). Allowing the government to effectively amend the indictment would dispense with the requirement, discussed above, that all charges be presented to the grand jury. *Russell*, 369 U.S. at 770; *Italiano*, 837 F.2d at 1486 (allowing otherwise

would mean "the great importance which the common law attaches to an indictment by grand jury would be frittered away until its value was almost destroyed" (quotation and alterations omitted)); *see also United States v. Lang*, 732 F.3d 1246, 1250 (11th Cir. 2013) ("The only way to remedy the defects in the indictment would be to rewrite it, and that we may not do.").

Because of the defects described above, the indictment creates a substantial risk that the jury's verdict will not be unanimous on each count. For example, if jurors 1-3 have image A in mind while voting to convict, but jurors 4-7 have image B in mind, while jurors 8-12 have focused on image C, the verdict would not be unanimous. Because the indictment does not specify which particular image or distribution is the basis for each count, the indictment creates a substantial risk that the verdict will not be unanimous, thereby violating Mr. Jenkins' right to a unanimous verdict.

Finally, the vagueness of the indictment raises concerns about duplicity. A count in an indictment is duplicitous if it charges two or more separate and distinct offenses. *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997). There are three dangers from a duplicitous indictment, which are substantially similar to the concerns that stem from an insufficient indictment. Specifically, these dangers are that (1) a jury may convict a

defendant without unanimously agreeing on the same offense; (2) a defendant may be prejudiced in a subsequent double jeopardy defense; and (3) a court may have difficulty determining the admissibility of evidence. *Id.* The instant indictment, with its lack of factual allegations, fails to ensure that only one distinct offense is charged in each count.

2.

**In the alternative, Mr. Jenkins requests that this Court direct the government to file a bill of particulars.**

Pursuant to Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1985). A bill of particulars supplements an indictment by providing information necessary for a defendant to prepare for trial. *Id.* at 1441-42.

The court is vested with broad discretion in deciding whether to grant a motion for a bill of particulars. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981).

However, "where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *Cole*, 755 F.2d at 760; *see also United States v. Sharpe*, 483 F.3d 1257, 1263 n. 3 (11th Cir. 2006) (noting that an indictment need not allege in detail the factual proof that will be relied upon to support a charge but that failing to grant a motion for a bill of particulars to obtain information essential to the defense may be reversible error).

Mr. Jenkins moves the Court to direct the government to file a bill of particulars outlining the following:

With respect to Counts 1, 2, 4, 5, 7, 8, 9, 10, 12:

1. Which image, if any, is at issue.

2. The manner in which the statute was violated, *i.e.*, whether he "employed," "used," "persuaded," "induced," "enticed," or "coerced."

3. Describe the conduct or act that allegedly constitutes the commission or attempted commission of the offense.

With respect to Counts 3, 6, and 11:

1. Identify the image or distribution at issue in each count.

2. Describe the conduct or act that allegedly constitutes the commission or attempted commission of the offense

14

3.

The undersigned acknowledge that this motion is filed outside the time set by the magistrate judge in its pretrial order. However, the Court may consider whether the party shows good cause in deciding whether to hear a matter under Fed.R.Cr.P. 12(b)(3), Motions that Must be Made Before Trial.

Attorney Timmers was assigned to this case on May 14, 2019 and was given until May 31, 2019 to determine whether Mr. Jenkins would enter a guilty plea. (Docs. 56, 57). Attorney Strickland was added to the case in late September. The defense team has been focused on Mr. Jenkins mental health issues and a possible resolution in this case. It was only upon engaging in trial preparation that counsel became aware of the significant constitutional problems with the indictment. As soon as the matter was researched, counsel drafted this brief. Counsel submit that good cause exists to consider this motion. Moreover, counsel submit that the constitutional issues regarding the indictment are substantial and should be considered given the potential consequences facing Mr. Jenkins.

Wherefore, Mr. Jenkins moves this Court to dismiss all counts of the superseding indictment, or in the alternative, to direct the government to file a bill of particulars.

Respectfully submitted this the 22nd day of December, 2019.


/s/ *Sydney R. Strickland*  /s/ *Sarah M. Timmers*
Sydney R. Strickland  Sarah M. Timmers
Ga. Bar No. 418591  Ga. Bar No.


Strickland Webster, LLC  Sarah M. Timmers, Esq.
830 Glenwood Ave SE  279 Washington Avenue
Suite 501-203  Marietta GA, 30060
Atlanta, GA 30316  470-755-1049
(404) 590-7967  sarah@sarahtimmers.com
sydney@stricklandwebster.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was filed by uploading it with the Northern District of Georgia's Electronic Filing System which will automatically serve opposing counsel with the Motion.

Dated: This 22nd day of December, 2019.

/s/ *Sydney R. Strickland*
Sydney R. Strickland
Ga. Bar No. 418591

Strickland Webster, LLC
830 Glenwood Ave SE
Suite 501-203
Atlanta, GA 30316
(404) 590-7967
sydney@stricklandwebster.com