[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-13831

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                 Plaintiff-Appellee,

*versus*

BENJAMIN JENKINS,
a.k.a. Rei,
a.k.a. Reithe 8th,
a.k.a. Dani Domo,
a.k.a. Sluttyrose123,
a.k.a. Heiwa7340,
a.k.a. Poetic Justice,

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 2 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 2 of 12

2                    Opinion of the Court                  20-13831

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00181-MLB-CMS-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Benjamin Jenkins appeals his convictions and total sentence for producing and distributing child pornography. He contends that the district court should have dismissed the charges against him because the indictment failed to provide sufficient notice of the charged conduct or to protect against double jeopardy, and that the court constructively amended the indictment by permitting the jury to find him guilty based on images that were not necessarily shown to the grand jury. He also challenges his sentence, arguing that the district court improperly counted certain uncharged conduct as "relevant conduct" under the Sentencing Guidelines. After careful review, we affirm.

I.

In September 2015, a federal grand jury returned a second superseding indictment charging Jenkins with nine counts of production or attempted production of child pornography, in violation

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 3 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 3 of 12

20-13831               Opinion of the Court                3

of 18 U.S.C. § 2251(a) and (e) (Counts 1, 2, 4, 5, 7, 8, 9, 10, 12), and three counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Counts 3, 6, 11).

Each of the production counts charged in the indictment identified a minor victim's initials, a date or date range when the offense occurred, and the following language alleging that Jenkins

> did knowingly attempt to, and did knowingly, employ, use, persuade, induce, entice, and coerce a minor female, [minor's initials], to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that said visual depiction would be transported and transmitted using any means and facility of interstate commerce, including by computer and cellular telephone, and said visual depiction was transported and transmitted using any means and facility of interstate commerce, including by computer and cellular telephone, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

Similarly, each of the distribution counts identified a minor victim's initials, a date, and the following language alleging that Jenkins

> did knowingly distribute at least one visual depiction of a minor female, [minor's initials], engaging in sexually explicit conduct, as defined in Title 18, United

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 4 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 4 of 12

4                        Opinion of the Court                    20-13831

> States Code, Section 2256(2), using any means and facility of interstate and foreign commerce, said depictions having been (a) produced using minors engaging in sexually explicit conduct, and (b) shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer and cellular telephone, all in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

The distribution counts identified a specific date for the offense, while the production counts identified a month or range of months. The indictment did not otherwise describe the factual grounds for each charge.

Before trial, Jenkins filed a motion to dismiss the indictment or, in the alternative, for a bill of particulars. He contended that, given the volume of images disclosed in discovery and the indictment's barebones allegations, it was impossible to determine which image was at issue for each count or how he allegedly committed the offenses of production, attempted production, or distribution. Jenkins also raised concerns that the indictment was not particular enough to prevent conviction on theories not presented to the grand jury, to protect him from being placed in double jeopardy, or to ground a unanimous jury verdict as to each count. In the alternative, Jenkins asked the district court to order the government to identify the images and alleged criminal conduct for each charged offense.

The district court denied the motion to dismiss but ordered the government to file a response under seal containing much of the requested information. In a response and supplemental response, the government identified the images at issue for the production counts and the images at issue and means of distribution for the distribution counts.

Then, one day before trial, Jenkins filed a renewed motion to dismiss the indictment after the government produced the grand jury testimony of the case agent, the only witness to testify to the grand jury, as Jencks material. Jenkins argued this testimony showed that the charges in the indictment were not properly presented to the grand jury because the case agent "made no effort to identify to the grand jury which individual photo(s) or video(s) was the subject of each count." He further contended that the government could not remedy that defect through its supplemental filings or at trial without impermissibly amending the indictment. The district court denied the renewed motion to dismiss.

The trial evidence, in brief, showed that Jenkins, who was in his early 20s at the time, coerced several minor girls whom he met online to send him sexually explicit images of themselves over the internet. When some girls refused to send more pictures, Mr. Jenkins threatened to send their sexually explicit pictures to friends or family, or to post them online. He sometimes carried through on those threats. The jury convicted him on all counts.

Jenkins's presentence investigation report ("PSR") calculated his offense level under U.S.S.G. § 2G2.1. For purposes of

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 6 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 6 of 12

6                     Opinion of the Court                  20-13831

applying § 2G1.1, the distribution offenses were treated as a group, while the production offenses were counted separately. *See* U.S.S.G. § 3D1.2. Ultimately, the total offense levels were as follows: level 38 for five of the production counts (Counts 4, 7, 9, 10, & 12); level 40 for the other four production counts (Counts 1, 2, 5, & 8), and level 40 for the grouped distribution counts (Counts 3, 6, & 11). The PSR also calculated offense levels of 40 and 36 for two uncharged production offenses involving minor victims J.H. and V.D. Then, using the multiple-count adjustment rules, *see* U.S.S.G. § 3D1.4, the PSR added five levels to the highest offense level to arrive at a combined offense level of 45. Finally, the PSR applied a five-level enhancement for engaging in a pattern of activity involving prohibited sexual conduct, *see* U.S.S.G. § 4B1.5(b), which yielded a total offense level of 50. Because that exceeded the maximum offense level of 43, the total offense level was treated as 43. *See* U.S.S.G. ch. 5, pt. A, cmt. n.2. With a criminal-history category of I, Jenkins's recommended guideline range was life.

At sentencing, the district court adopted the PSR's factual findings, which were undisputed by the parties. It also overruled Jenkins's objection to including victims J.H. and V.D. as relevant conduct, and it adopted the PSR's guideline calculations. Ultimately, the court sentenced Jenkins to a total term of 40 years, consisting of 360 months on the production counts and a consecutive 120 months on the distribution counts, which was between the government's request of 80 years and Jenkins's request of 268 months. This timely appeal followed.

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 7 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 7 of 12

20-13831               Opinion of the Court                7

## II.

Jenkins first argues that the indictment was legally deficient because it failed to identify the images at issue or to describe the conduct that constituted production or distribution of those images. He further contends that the indictment was constructively amended because its general and vague allegations permitted the jury to find him guilty on a basis that was not necessarily presented to the grand jury.

The sufficiency of an indictment is a legal question we review *de novo*. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). Likewise, we review *de novo* whether an indictment has been constructively amended. *United States v. Sanders*, 668 F.3d 1298, 1309 n.9 (11th Cir. 2012).

### A.

"An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (11th Cir. 1992); *see also United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009). Ordinarily, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Stavroulakis*, 952 F.2d at 693 (quotation marks omitted); *see also United States v. Critzer*, 951 F.2d 306, 308 (11th Cir. 1992).

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 8 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 8 of 12

8                    Opinion of the Court                    20-13831

"It is not necessary for an indictment . . . to allege in detail the factual proof that will be relied upon to support the charges." *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (quotation marks omitted). Rather, more detailed information, "if essential to the defense, can be obtained by a motion for a bill of particulars" or through pretrial discovery. *Id.*; *Stavroulakis*, 952 F.2d at 693 ("When an indictment delineates the elements of a charged offense, however concisely, the underlying concerns of proper pleading . . . may be further promoted by a bill of particulars or pre-trial discovery."). Such information may alleviate any double-jeopardy concerns about the indictment because "the court may refer to the entire record of the prior proceeding and [will] not be bound by the indictment alone." *United States v. Steele*, 178 F.3d 1230, 1235 (11th Cir. 1999).

Here, we conclude that the indictment, though spare, was legally sufficient. For each count, the indictment alleged the essential elements of either a child pornography production or distribution offense, the date or date range when the offense allegedly occurred, and the initials of the minor victim involved. While the indictment did not describe Jenkins's conduct in detail or identify the particular images at issue, it was nonetheless sufficient "to inform [Jenkins] of the charges he must meet." *Stavroulakis*, 952 F.2d at 693. Further, the record shows that the government identified "in detail the factual proof that [it was to rely] upon to support the charges," *Sharpe*, 438 F.3d at 1263 n.3, such as the particular images at issue and the means of distribution, in its responses to Jenkins's

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 9 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 9 of 12

20-13831                Opinion of the Court                9

motion for a bill of particulars. And that additional information, along with the evidence presented at trial, permit Jenkins to "plead double jeopardy in a future prosecution based on the same set of events," *Stavroulakis*, 952 F.2d at 693, and otherwise alleviate any double-jeopardy concerns arising from the lack of detailed information in the indictment, *see Steele*, 178 F.3d at 1235. For these reasons, the district court did not err in denying the motion to dismiss the indictment.

## B.

"It is well settled that a defendant enjoys a Fifth Amendment right to be tried on felony charges returned by a grand jury indictment and that only the grand jury may broaden the charges in the indictment once it has been returned." *Sanders*, 668 F.3d at 1309. "A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." *Id.* (quotation marks omitted); *see United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990) ("When a defendant is convicted of charges not included in the indictment, an amendment of the indictment has occurred.").

"If, however, the evidence produced at trial differs from what is alleged in the indictment, then a variance has occurred." *Keller*, 916 F.2d at 633. An amendment to the indictment, where the error is preserved, is *per se* reversible error, but a variance "requires the defendant to show that his rights were substantially prejudiced by the variance in order to be entitled to a reversal." *Id.*

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 10 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 10 of 12

10                    Opinion of the Court                    20-13831

Here, no constructive amendment of the indictment occurred. Nothing in the government's trial evidence or its responses to Jenkins's motion for a bill of particulars modified the *elements* of the offenses charged. *See Sanders*, 668 F.3d at 1309. The trial evidence and jury instructions make clear that Jenkins's convictions rested on the exact same charges as alleged in the indictment. Jenkins offers no authority for his assertion that the government was required to show the grand jury the specific images it intended to rely on to prove those elements at trial. Even assuming that an error occurred, it is better understood as a variance in factual proof rather than a constructive amendment of the charges, and Jenkins has not shown, or even attempted to show, that he was prejudiced. *See Keller*, 916 F.2d at 633.

In sum, Jenkins has not shown that the district court constructively amended the indictment by permitting the jury to find him guilty of producing and distributing child pornography based on images that may not have been presented to the grand jury.

### III.

Finally, Jenkins maintains that the district court erred in calculating his guideline range when it included as "relevant conduct" certain uncharged conduct relating to victims J.H. and V.D. *See* U.S.S.G. § 1B1.3 (defining relevant conduct). The PSR contained facts indicating that Jenkins engaged in the production of child pornography involving these victims.

Case 1:18-cr-00181-MLB-CMS   Document 176   Filed 02/16/22   Page 11 of 14
USCA11 Case: 20-13831   Date Filed: 02/16/2022   Page: 11 of 12

20-13831                Opinion of the Court                11

We need not address this argument because, as Jenkins acknowledges, any error in this regard "did not affect the guideline range." That's because Jenkins scored well above the maximum offense level of 43. Even if victims J.H. and V.D. were excluded from the guideline calculations, Jenkins's total offense level would remain 43. As a result, any error resulting from including these uncharged victims as relevant conduct was harmless. *See United States v. Sarras*, 575 F.3d 1191, 1220 n.39 (11th Cir. 2009) ("[A]ny alleged error in applying the two-level enhancement was harmless because Sarras's total offense level would have remained the same.").

As a fallback position, Jenkins asserts that the error may have influenced the district court's ultimate sentencing decision because the court observed that "more victims ought to equate to more time." But the claim that these two additional victims made a difference to the outcome, when the charged conduct involved nine different victims, is wholly speculative.

And in any event, Jenkins makes no claim that the district court was not permitted to consider this conduct when weighing the 18 U.S.C. § 3553(a) factors, which include the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1); *see* 18 U.S.C. § 3661("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). That the uncharged conduct may not have been relevant conduct

| 12 | Opinion of the Court | 20-13831 |
|---|---|---|

for purposes of calculating the guideline range does not necessarily mean it was not relevant to sentencing more generally. Importantly, Jenkins does not dispute the facts presented in the PSR regarding these victims. Accordingly, Jenkins has not established error in his sentence.

## IV.

In sum, we affirm Jenkins's convictions and total sentence.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 16, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-13831-GG
Case Style: USA v. Benjamin Jenkins
District Court Docket No: 1:18-cr-00181-MLB-CMS-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG

at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion